UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CON-WAY TRANSPORTATION
SERVICES, INC.,

    Plaintiff,

v.

Case No. 1:04-CV-570
Hon. Hugh W. Brenneman, Jr.

AUTO SPORTS UNLIMITED, INC.,

    Defendant.

_____/

**OPINION**

This matter is before the court on plaintiff's motion for summary judgment (docket no. 36) and defendant's motion for summary judgment (docket no. 42). This suit involves an alleged breach of contract in which plaintiff claims to be owed over $100,000.00 for transporting a substantial volume of automotive parts for defendant.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

On June 1, 2005, the court heard oral argument on these motions. At that time, it became apparent that factual disputes existed regarding the amounts as set forth in plaintiff's invoices and the payments made by defendant. The parties' agreed to the court's appointment of an expert to develop the factual record as an aid in resolving these factual differences, the dispositive motions, and possibly resolving the entire suit if the various billings and payments could be sufficiently reconciled. *See* Hearing Trans. at 61-62 (June 1, 2005). Accordingly, on June 10, 2005, the court appointed an expert:

> for the purpose of reviewing, analyzing and reconciling all invoices submitted by Plaintiff to Defendant with all payments made by Defendant to Plaintiff during their business relationship, taking into account any tariffs, pricing agreements, and/or discounts, to determine the extent of any outstanding balance due one party from the other. In considering a specific portion of the payments which Plaintiff alleges were received in or after July 2004 but were backdated to the beginning of June 2004, the Court's expert shall provide two alternative calculations, one assuming these payments were correctly dated and the other assuming they were backdated.

Order (6/10/05).

The hoped-for resolution of these billing differences has not occurred. Despite the relatively short several-year relationship between the parties, estimates have put the number of invoices in excess of 10,000. *See* Plaintiff's Motion to Amend Order Appointing Expert (docket no. 61). Original invoices which have been considered paid are not kept, although much of this invoice information is maintained in a computerized database. Upon reviewing the record, the court is forced to conclude that genuine issues of fact exist at several levels in this case. First, it appears that

plaintiff is unable to provide copies of many of the original invoices issued to defendant and is relying on a computerized database of the invoices. The lack of invoices may raise a question regarding the admissibility of the database as a business record, *see* FRE 803(6) and 1004, but perhaps more significantly, the weight to be given to such evidence. The parties did not address these issues in their dispositive motions. ( The parties, however, have collaterally addressed the issue of the invoices in three subsequent motions. *See* docket nos. 61, 70 and 87.) This evidentiary question creates legal and factual issues for the court which preclude granting summary judgment for either party.

Factual issues also exist with respect to plaintiff's billing practices, the discount available to defendant, the timeliness of defendant's payments and the application of those payments to particular invoices. In his affidavit dated March 15, 2005, Wayne King explained plaintiff's billing practices and various discrepancies in the manner in which defendant paid the invoices. For example, Mr. King stated: that each invoice to defendant included a discount from the normal freight charge; that plaintiff's tariff required payments within 15 calendar days of the date of the invoice; that defendant failed to pay the invoices within 15 days of the invoice date; that defendant's payments were late; that defendant's late payments "were in default and lost the discount;" and that defendant provided some checks "without any instructions on what to pay." *See* Wayne King Aff. (docket no. 38).

Defendant's employee Scott Bosgraaf presented a significantly different picture of the parties' business relationship, stating in his March 29, 2005 affidavit: that the written pricing agreement between the parties did not require defendant to pay invoices within 15 days; that it was defendant's custom and practice to pay plaintiff "approximately 30-90 days from the invoice date;"

that it was not possible for defendant to pay invoices within the 15 day period "as the invoices were not received by [defendant] until well after this 15 day period had expired;" that "at no time was [defendant] informed that the discount would be removed for failure to pay [plaintiff's] invoices within 15 days;" and that "[plaintiff's] representative physically stopped at our office and delivered and reconciled our account and typically picked up payment." *See* Scott Bosgraaf Aff. (docket no. 43). Other affidavits echo this one.

As these affidavits demonstrate, factual issues exist with respect to: the delivery of invoices; the payment of invoices; the application of the 15 day payment period; the effect of late payments; and the application of the discount. Clearly genuine issues of material fact exist in this case which preclude the entry of summary judgment for either party. While the effort of the expert to sort out and reconcile the vast number of billings will undoubtably assist in the ultimate resolution of this case, it has not at this point eliminated the issues of fact which preclude summary judgment (nor apparently has it provided a basis that would enable the parties to achieve a settlement).

Accordingly, both plaintiff's motion for summary judgment (docket no. 36) and defendant's motion for summary judgment (docket no. 42) are **DENIED**. An order consistent with this opinion shall be issued forthwith.


Dated:  February 10, 2006            /s/ Hugh W. Brenneman, Jr.
                                     Hugh W. Brenneman, Jr.
                                     United States Magistrate Judge