UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CON-WAY TRANSPORTATION
SERVICES, INC.,

        Plaintiff,

                                     Case No. 1:04-CV-570

v.                                     Hon. Hugh W. Brenneman, Jr.

AUTO SPORTS UNLIMITED, INC.,

        Defendant.

_____/

## ORDER

       This matter is before the court on defendant's objections to plaintiff's exchange/production of exhibits (docket no. 60), plaintiff's motion to amend order appointing expert (docket no. 61), defendant's objection to plaintiff's supplemental brief in support of motion to amend order appointing expert (docket no. 69), plaintiff's motion to compel defendant to comply with order appointing expert (docket no. 70), and defendant's motion to compel plaintiff to comply with order appointing expert (docket no. 87). The court will dispose of these motions without oral argument. *See* W.D. Mich. LCivR 7.3(d).

       On June 10, 2005, the court entered an order appointing an expert which provided in pertinent part as follows:

> for the purpose of reviewing, analyzing and reconciling all invoices submitted by Plaintiff to Defendant with all payments made by Defendant to Plaintiff during their business relationship, taking into account any tariffs, pricing agreements, and/or discounts, to determine the extent of any outstanding balance due one party from the other. In considering a specific portion of the payments which Plaintiff alleges were received in or after July 2004 but were backdated to the beginning of June 2004, the Court's expert shall provide two alternative calculations, one assuming these payments were correctly dated and the other assuming they were backdated.

To make this accounting, the Court's expert shall be provided by the parties with a copy of all invoices submitted by Plaintiff to Defendant during the court of their approximately three year relationship and a copy of all checks paid by Defendant to Plaintiff during the same period, together with all remittance advices, payment vouchers, and related memoranda exchanged between the parties relating to the billing for services by Plaintiff and the payment of the services by Defendant. The parties may also provide their own schedules/calculations reconciling these payments to these invoices to the expert.

Not later than **June 20, 2005**, the parties shall exchange between themselves all documents described above they intend to furnish to the Court's expert, and not later than **June 27, 2005**, the parties shall arrange to provide one copy of all such documents to the Court's expert at his office.

Order appointing expert (6/10/05) (emphasis in original).

### 1.    Defendant's objections to plaintiff's exchange/production of exhibits (docket no. 60)

First, defendant has filed objections to plaintiff's June 20, 2005 production of documents pursuant to the court order, stating that plaintiff only provided computer disks with spreadsheet information and not copies of invoices as ordered by the court. Defendant requests that the court "demand that [p]laintiff [c]omply with said [o]rder by producing copies of all invoices, bills of lading, and proofs of delivery." Defendant's objections are procedurally improper. Litigants request relief from this court by filing motions. "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Fed. Rules Civ. Proc. 7(b). The court rules provide for litigants to file "objections" only in limited circumstances. *See, e.g.*, W.D. Mich. LCivR 72.3(b) (pertaining to objections to reports and recommendations); *compare*, W.D. Mich. LCivR 54 ("If a bill of costs is filed, any party objecting to the taxation of

costs must file a motion to disallow all or part of the claimed costs within ten (10) days of service of the of costs to the other party").

Local court rules are designed as internal housekeeping rules to promote the efficient operation of the district courts. *Valassis Communications, Inc. v. Aetna Casualty & Surety Co.*, 97 F.3d 870, 873 (6th Cir. 1996). Under the local rules, the distinction between an objection and motion is not merely one of semantics. Motions are subject to the requirements of W.D. Mich. LCivR 7 (e.g., a party must attempt to obtain concurrence before filing a motion, a motion must be accompanied by a brief, and the opposing party is required to file a responsive brief). Here, defendant seeks by filing an objection an order from this court to compel plaintiff's compliance with a previous court order. Accordingly, defendant's objection (docket no. 60) is **STRICKEN** as improperly filed. The issue of the invoices is discussed further below.

   2.   **Plaintiff's motion to amend order appointing expert (docket no. 61), defendant's objection to plaintiff's supplemental brief in support of motion to amend order appointing expert (docket no. 69), and defendant's motion to compel plaintiff to comply with the order appointing expert (docket no. 87).**

The parties' motions address plaintiff's failure to produce original copies of all its invoices. Plaintiff's motion seeks to have the court amend its order appointing expert to allow for the production of an electronic database rather than the original paper invoices. Defendant's motion seeks a court order directing plaintiff to provide copies of all invoices to the court's expert.

Plaintiff points out that it does not keep copies of its old paid invoices, but that it has electronic copies of invoice data showing such information as the invoice number, invoice date, discounted invoice amount, payment date, number of days from invoicing to payment, check number for the check used to pay the invoice and other information. Plaintiff further states that it provided

defendant invoices at the time of each shipment and that defendant "either did not keep the invoices or does not care to look at them."  Motion to amend at ¶ 6.  Defendant objects to plaintiff's request to amend, pointing out several examples of inaccuracies in the computerized database printouts. Defendant contends that the court cannot determine the parties' obligations without viewing the original invoices.

Plaintiff also filed a supplemental brief and an affidavit by one of its employees, Wayne King.  In his affidavit, Mr. King states that plaintiff does not keep copies of invoices sent to its customers, but that the information is stored electronically in accounting programs.  King Aff. (6/28/05) at ¶ 2 (docket nos. 67 and 68).  After an invoice has been paid, "some of the essential invoice data, such as invoice number, date, amount and balance, is transferred to a different computer storage system where the data's integrity is maintained, but new invoices can never be regenerated." *Id.* at ¶ 3.  Given the age of defendant's invoices, "it is not possible to produce copies of these documents in the format ordered by the Court." *Id.* at ¶ 4.  Mr. King states that the electronic files produced by plaintiff "contain the information that was set forth in the invoices, and is the identical data used to generate the initial invoices." *Id.* at 5.

In its motion to compel plaintiff to comply with the court's order, defendant states that plaintiff has failed to produce copies of "all invoices" or "remittance advices, payment vouchers, and related memoranda."  Defendant acknowledges that plaintiff has produced "a printout from a database which does not include copies of any invoices, but rather a breakdown of only a portion of the information from the invoices."  Defendant states that the database has inaccuracies, that the court's expert has spent "an abundance of time and effort trying to reconcile this inaccurate information," and that plaintiff should pay the full amount of the court's expert.  Plaintiff responds

4

by stating that defendant failed to comply with the local court rule requirement for contacting opposing counsel before filing a motion. Then, plaintiff reiterates that it does not have copies of old paid invoices and states that its database "contains all the relevant information that would be on the invoices." Plaintiff objects to the expert's bill as unreasonable and denies that it should pay the full amount as requested by defendant.

> ### a.   Defendant's objection to plaintiff's supplemental brief and affidavit (docket no. 69)

Plaintiff's supplemental brief, filed after defendant's response, is clearly a reply to defendant's response. W.D. Mich. LCivR 7.3(c) provides that reply briefs for nondispositive motions "may not be filed without leave of court." Plaintiff did not seek leave of court to file this supplemental brief and affidavit. Accordingly, plaintiff's supplemental brief (docket no. 66) and Mr. King's June 28, 2005 supporting affidavit (docket nos. 67 and 68) are **STRICKEN** as improperly filed.

Defendant has filed an objection to plaintiff's supplemental brief and the affidavit (docket no. 69). As an initial matter, defendant's objection is itself procedurally improper. *See* discussion, *supra*. However, as a practical matter, since the supplemental brief has been stricken, defendant's objection (docket no. 69) will be DENIED as moot.

> ### b.   Defendant's motion to compel plaintiff to comply with order (docket no. 87)

Defendant has filed a motion to compel plaintiff to comply with the order appointing expert (docket no. 87). In his resonse brief, plaintiff states that defendant did not follow the local court rule regarding an attempt to obtain concurrence. W.D. Mich. LCivR 7.1(d) provides that "[w]ith respect to all motions, the moving party shall ascertain whether the motion will be opposed

. . . All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by this rule." Defendant's motion did not affirmatively state any efforts to comply with Rule 7.1(d). Accordingly, defendant's motion to compel (docket no. 87) is **DENIED** without prejudice.

### c. Plaintiff's motion to amend order (docket no. 61)

In plaintiff's motion to amend the order appointing the expert, plaintiff asserts that it does not keep copies of paid invoices more than two years old. Motion to amend order at ¶¶ 2-3. Obviously, if the database is the only record available of the invoices at issue, then the court cannot require plaintiff to produce documents that it does not possess. And while the computerized database may not be desirable for accounting purposes as the original invoices, it may very well still be admissible as a business record. *See* FRE 803(6) ("A. . . . record, or data compilation, in any form, of acts, events, ... made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the . . . record, or data compilation . . .  is not excluded under the hearsay rule). In addition, FRE 1004 provides for other evidence of the contents the writing if the originals are lost, destroyed, not obtainable or in the possession of an opponent.[1]

---

[1] FRE 1004 provides in pertinent part as follows:

The original is not required, and other evidence of the contents of a writing . . . is admissible if --

(1) **Originals Lost or Destroyed.** All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; or

(2) **Original not Obtainable.** No original can be obtained by any available judicial process or procedure; or

(3) **Original in Possession of Opponent.**  At a time when an original was under the control of the party against whom offered, that party was put on notice, by the pleadings or otherwise, that the contends would be a subject of proof at the hearing, and that party does

In regard to FRE 1004(3), it appears that copies of some old or paid invoices may exist in defendant's possession.  For example, Invoices 267-189996 and 453-470124 are attached to defendant's response to this motion.  *See* docket no. 65.   Based on the record to date, plaintiff's electronic database may be admissible as a business record or "other evidence" of the invoices.  *See* FRE 803(6), 1004.  It would appear at this stage that defendant's arguments about the inaccuracies of plaintiff's database go more to the weight of the evidence than its admissibility.  Perhaps defendant will make an argument that, based on several irregularities it has shown, the whole database is inherently unreliable.  But it would appear to take more than several instances out of 10,000 to show this.

In summary, it appears plaintiff supplied the expert with the everything in its possession, which included an electronic database where paid invoices were concerned.  This complies with the spirit of the court's order, and arguably was permitted in any event.  Certainly the court's order must be construed in a common sense manner which will achieve its purposes, which in this instance was to reconcile what was billed with what was paid.  If defendant had any invoices it was also obligated by the order to produce them, and presumably did.  The expert has spent a considerable amount of time in reconciling the considerable material submitted by both parties.  Plaintiff's motion to amend the order appointing expert (docket no. 61) is **GRANTED**.

### 3.   Plaintiff's motion to compel defendant to comply with order appointing expert (docket no. 70)

Finally, plaintiff seeks an order compelling defendant's compliance with the order appointing expert.  Under the order, defendant was required to produce a copy of all checks paid by

---

not produce the original at the hearing. . .

defendant to plaintiff during the time period at issue.  Plaintiff states that defendant failed to produce this material on June 20, 2005 as agreed.  Now, plaintiff seeks an order from this court to compel defendant to provide copies of the checks "which [d]efendant intends to or already has provided to the expert."  Plaintiff's motion to compel at p. 2. Defendant states that it complied with the court's order by producing copies of all checks to the court's expert.  Defendant's response to plaintiff's motion to compel at p. 2. Defendant further states "that once the Plaintiff complies with the Court's Order by supplying the required invoices, copies of the checks will be provided to the Plaintiff."  *Id.* The court appreciates defendant's frustration with not receiving the invoices from plaintiff. However, neither defendant's frustration nor plaintiff's inability to produce copies of the invoices justify defendant's failure to produce the copies of checks as ordered by the court.  Accordingly, plaintiff's motion to compel defendant to comply (docket no. 70) is **GRANTED**.  Defendant shall tender copies of the checks to plaintiff within seven (7) days of the entry of this order.

      **IT IS SO ORDERED.**

Dated:  February 10, 2006          /s/ Hugh W. Brenneman, Jr.
                                    Hugh W. Brenneman, Jr.
                                    United States Magistrate Judge