UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CON-WAY TRANSPORTATION
SERVICES, INC.,

   Plaintiff,         Case No. 1:04-cv-570

v                Hon. Hugh W. Brenneman, Jr.

AUTO SPORTS UNLIMITED, INC.,

   Defendant.
_____/

**ORDER TO PAY EXPERT WITNESS**

   Pending before the court is Con-Way's motion to determine and allocate reasonable trial fees for the services of the expert witness at trial(docket no. 123). The expert, an accountant from Andrews Hooper & Pavlik, PC, has received payment from defendant Auto Sports Unlimited, Inc. ("Auto Sports") but not from plaintiff Con-Way Transportation Services, Inc. ("Con-Way"). The motion is GRANTED as set forth below.

   Con-Way subpoenaed the expert to testify at trial. At the end of the first day of trial, Con-Way sought permission to excuse her and have her return as a rebuttal witness for Con-Way. *Id.* Auto Sports objected to this procedure, because the expert "heard kind of one side of the case," and "[i]t would only be fair" to have the expert hear "both sides." The court asked Auto Sports if it wanted "to join in the subpoena and the cost of bringing her in." Auto Sports agreed, stating "[w]e will join on the subpoena and split the cost." Plaintiff did not object to this arrangement, and the expert remained in court while Auto Sports presented its case on days two and three of the trial. In addition, the expert was available to testify for both parties on day four of the trial when Con-Way put on its rebuttal evidence. While the expert testified for Auto Sports on day four, and was cross-

examined at length by Con-Way, Con-Way untimely chose not to call the expert as a rebuttal witness.

The record reflects that Auto Sports agreed to "split" the cost of the expert witness, and Con-Way acquiesced. Both parties elicited testimony from the expert, who was available to testify for plaintiff on the two days of the four-day trial when it presented its case. Fairness dictates that the parties share the cost for this witness equally. Because Auto Sports has already paid one-half of the expert witness fees, Con-Way shall bear the responsibility for the remaining half, plus the accrued interest since the time Auto Sports paid its share.

A second accountant from Andrews Hooper & Pavlik, PC attended substantial portions of the trial, but no charge is being made for this individual.

Accordingly, Con-Way shall submit payment in the amount of $2,580.50, together with accrued interest of $252.00, for a total amount of $2,872.50 directly to the expert no later than September 30, 2007.

**IT IS SO ORDERED**.

Dated:  September 21, 2007            /s/ Hugh W. Brenneman, Jr.
                                      HUGH W. BRENNEMAN, JR.
                                      United States Magistrate Judge