UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CON-WAY TRANSPORTATION
SERVICES, INC.,

                   Plaintiff,                                  Case No. 1:04-cv-570

v                                            Hon. Hugh W. Brenneman, Jr.

AUTO SPORTS UNLIMITED, INC.,

                   Defendant.

_____/

**ORDER TAXING COSTS**

On September 28, 2007, the court entered judgment in plaintiff's favor in the amount of $18,156.40.  On October 1, 2007, plaintiff filed its bill of costs seeking $150.00 for clerk's fees, $204.60 for a transcript, and $22,276.00 for its share of the court appointed expert fee.  Defendants opposed the bill of costs, moving to disallow the expert witness fees included in plaintiff's bill of costs (docket no. 129).  This matter is now before the court on plaintiff's bill of costs and defendant's motion to disallow the expert witness fees.

      **1.**        **Clerk's fee and transcript**

Defendant does not dispute the clerk's fee ($150.00) or the transcript cost ($204.60).  Accordingly, the court will allow these costs in the amount of $354.60.

      **2.**        **Court appointed expert witness fee**

The parties dispute whether plaintiff is entitled to recover its portion of the expert witness fees previously paid in this litigation. The court's order appointing the expert addressed the issue of payment of expert witness fees, providing in pertinent part as follows:

> The Court's expert shall be compensated at his standard consulting rate, such payment to be made promptly upon the completion of his duties, one-half to be paid by each of the parties as directed by the Court.  Such payment may be charged as costs pursuant to Federal Rules of Evidence 706(b).

Order Appointing Expert (June 10, 2005).  Under Rule 706(b), court appointed expert witnesses in general civil cases such as this  "are entitled to reasonable compensation in whatever sum the court may allow"  and "shall be paid by the parties in such proportion and at such time as the court directs, and thereafter charged in like manner as other costs."

Here, the court directed the parties to pay the expert witness fee as authorized by Rule 706(b).  On February 10, 2006, the court directed each party to pay one-half of the expert's invoice of $38,807.00 within 15 days of the receipt of the order. In the second order to pay expert witness fees entered on September 21, 2007, the court noted that defendant paid its share of an additional expert witness bill, but that plaintiff failed to do so.  The court ordered plaintiff to submit payment of $2,580.50 together with accrued interest of $252.00 directly to the expert no later than September 30, 2007.

Now, plaintiff seeks reimbursement of its court appointed expert fees as costs. "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d).[1] The district court may tax "compensation of court appointed experts" as costs pursuant to 28 U.S.C. § 1920(6). "[T]he awarding of costs is within the sound discretion of the District Court." *United States v. Masonry Contractors Association of Memphis*, 497 F.2d 871, 878 (6th Cir.1974). "Section 1920 enumerates

---

[1] The court notes that the Federal Rules of Civil Procedure were amended effective December 1, 2007.  At the time plaintiff filed its bill of costs, Rule 54(d) read as follows, "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . ."

expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). The discretion to grant costs under Rule 54(d) "is solely a power to decline to tax, as costs, the items enumerated in § 1920." *Id.* at 442.

"Discretion over the allocation of fees means that, before final judgement, the court may split responsibility for fees as the court sees fit." Wright & Gold, Federal Practice and Procedure, Evidence § 6305, p. 480 (1997). *See, e.g., Webster v. Sowders*, 846 F.2d 1032, 1038 (6th Cir. 1988) ("[a] District Court has authority to apportion costs under this rule, including excusing impecunious parties from their share"); *Aiello v. Town of Brookhaven*, 149 F. Supp. 2d 11, 14 (E.D. N.Y.) (observing that a court may assess the expert's costs equally, unequally or entirely against one party).

In *United States Marshals Service v. Means*, 741 F.2d 1053 (8th Cir. 1984), the court discussed the apportionment of the cost of court appointed experts:

> Compensation for court-appointed experts in civil actions such as this "shall be paid by the parties *in such proportion and at such time* as the court directs, and thereafter charged in like manner as other costs." Fed.R.Evid. 706(b) (emphasis added). The plain language of Rule 706(b) thus permits a district court to order one party or both to advance fees and expenses for experts that it appoints. Commentary on this provision makes this interpretation abundantly clear:

> > No doubt in the usual case the judge will provide that the expense of the experts shall be taxed as costs and paid by the loser. He may require the parties to contribute proportionate shares of the fee in advance. He may think it wise to excuse an impecunious party from paying his proportionate share.

> Model Code of Evidence, Rule 410, Comment (1947) (basis of current Fed.R.Evid. 706); *see also Cagle v. Cox*, 87 F.R.D. 467, 471 (E.D.Va.1980) (court has discretion to tax expert witness fees as costs to assure indigents same access to courts as

nonindigents); *Maldonado v. Parasole*, 66 F.R.D. 388, 390 (E.D.N.Y.1975) (indigency proper ground for apportioning costs where large economic disparity between parties).

*Means*, 741 F.2d at 1058 (emphasis in original).

Here, the parties agreed to the court's appointment of an expert witness, with some expectation that it might facilitate settlement.  The court's order appointing the expert contemplated that the expert witness fees might be taxed as costs at the conclusion of the suit pursuant to Fed. R. Evid. 706(b).  The expert's analysis of over $400,000.00 of countless and convoluted shipping invoices and payments made on these invoices was critical to the resolution of this dispute. Although no settlement occurred, both parties received the benefit of the expert's report.  Defendant called the expert as a witness.  In addition, the expert provided plaintiff with an extensive review of defendant's transportation account and freight history, something which plaintiff had sought since the commencement of collection efforts.[2]  Although plaintiff received a recovery of some invoice payments as a result of this suit, its recovery was far less than the amount it sought.  By sharing the work provided by the court appointed expert, the parties were saved the expense of hiring individual experts to analyze the invoices and payments.  For these reasons, the court concludes that plaintiff is not entitled to collect its share of the expert fees as costs.

---

[2] When defendant's account was referred to Bethune and Associates for collection in 2004, Bethune requested from defendant "a complete audit of your transportation account and freight history."  Findings of Facts and Conclusions of Law at ¶ 11 (Sept. 28, 2007).

4

Accordingly, **IT IS SO ORDERED** that plaintiff's bill of costs is **GRANTED IN PART**, and that judgment is entered against defendant in the amount of $354.60.

Dated:  January 31, 2008                                    /s/ Hugh W. Brenneman, Jr.
                                                            HUGH W. BRENNEMAN, JR.
                                                            United States Magistrate Judge

5